NANCY McMILLIAN AND OTHERS v. M. E. WERNER
AND OTHERS.

The statute limiting the time to one year within which a second action of
trespass to try title may be brought, is a statute of limitation, and
clearly within the purview of the forty-third section of the twelfth
article of the Constitution of 1870.

APPEAL from Walker.   Tried below before the Hon.
J. R. Burnett.

Plaintiffs instituted suit in the District Court of
Walker county at the Spring Term of 1871, in an action
of trespass to try title to certain town lots in the town
of Huntsville.

Defendants answered, that in 1861, the plaintiffs in-
stituted suit for the same property, in an action of
trespass to try title, in the District Court of Walker
county, against one Piety Price, who then held the land
as tenant of defendant, Mary E. Warner, then Shan-
non; that said Mary E. defended the suit; and that on
the twenty-ninth of October, 1862, on the trial of the
suit, a judgment was rendered in her favor, wherefore
she pleads *res adjudicata*; and if the plaintiffs ever
had a right to bring a second action for the land, the
right accrued to them more than one year before the in-
stitution of this suit.

Plaintiffs moved to have defendant's plea of *res ad-
judicata* stricken out, which motion was overruled, and
plaintiff excepted.   A jury being waived, the case was
submitted to the court, and judgment rendered in favor
of defendants, from which plaintiffs appealed, and
assigned for error:

1. That the court erred in sustaining defendant's plea
of *res adjudicata*.

2. The court erred in overruling the plaintiffs' exceptions to defendants' plea.

3. The court committed error in holding that the statute authorizing a second suit in cases of ejectment, within twelve months after the first verdict, is not a statute of limitation, and that the late constitutional provisions relating to statutes of limitation, do not apply in cases like the present.

*L. B. Hightower*, for appellants.

*Randolph & McKinney*, for appellees.

WALKER, J.—The plaintiffs brought their action on the seventeenth day of March, 1871, in the District Court to try title to land. The defendants answered by a plea of *res adjudicata*, and also plead the general issue. The court sustained the plea of *res adjudicata*, and overruled the exceptions which were filed to it. It appeared from this pleading that the plaintiffs had filed a former suit for the same land, against substantially the same parties, which was determined against them on the twenty-ninth day of November, 1862. The decision of this court in the case of Crawford v. Bender (see MSS. opinions of last term), determines the case at bar.

The statute limiting the time to one year within which a second action of trespass may be brought, is a statute of limitation ; and as clearly within the purview of the forty-third section of the twelfth article of the Constitution of 1870, as any other statute.

This suit was properly brought within one year after the thirtieth of March, 1870.

The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.